Susan Lynn Mimura
Terry K. Martin
SUSAN LYNN MIMURA & ASSOCIATES, PLLC
ATTORNEYS AT LAW
3451 E. Copper Point Drive, Suite 106
Meridian, Idaho 83642
Telephone:  (208) 286-3140
Facsimile:  (208) 286-3135
Idaho State Bar Nos. 3033, 3475
slm@idahoattys.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **RAYMOND THURMAN, an individual**<br><br>            **Plaintiff,**<br><br>**vs.**<br><br>**UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE, through the United States Department of Agriculture, a federal agency organized under the law of the United States of America, SONNY PERDUE, Secretary of the Agriculture; VICKI CHRISTIANSEN, Chief of the Department of Agriculture's Forest Service; OFFICER TRAVIS BOOK, in both his official capacity as employee of the United States Department of Forestry, through the United States Department of Agriculture, and Individually; JOHN & JANE DOES I-XL, in their individual and official capacities,**<br><br>            **Defendants.** | **Case No.**<br><br>**CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983 AND DEMAND FOR JURY TRIAL** |

COMES NOW, RAYMOND THURMAN, (hereinafter "Plaintiff") by and through his attorneys of record, TERRY K. MARTIN of SUSAN LYNN MIMURA AND ASSOCIATES, PLLC, and for a cause of action against the above-named Defendants does complain and allege as follows:

## I.
## INTRODUCTION

This action arises under the Fourth and Fifteenth Amendments to the United States Constitution under federal law 42 U.S.C. §1983; federal law 28 U.S.C. §1367; Federal Tort Claims Act under 28 U.S.C. §1346; and under the Idaho Tort Claims Act §§ 6-901, 6-906, and 6-907 for battery, assault, unreasonable search and seizure, excessive force, false arrest, illegal seizure, gross negligence, reckless, willful and wonton conduct, and deliberate indifference.

Defendant officers, each of them, were acting in the scope of their employment as law enforcement/forestry officers for the United States Department of Forestry, under color of law, whereby Defendants unlawfully assaulted, battered, falsely arrested, used excessive force and unreasonably search and seized Plaintiff. Defendants' actions caused personal injury and mental anguish to Plaintiff.

Defendant Agencies failed to screen, train, supervise, investigate or discipline Defendant officers resulting in such conduct and resolute failure to address such conduct.

## II.
## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, in that this is a civil action arising under 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. This court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

2.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that the events or omissions giving rise to the claims occurred in Idaho, all parties reside or exist in this District, and there is no immunity under the 11th Amendment.

3.      On April 25, 2018, Plaintiff, through counsel, timely filed a Notice of Tort Claim with UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE, wherein he maintained he was the victim of an unlawful search and seizure in violation of his rights under the Fourth Amendment to the United States Constitution. Plaintiff sought relief under federal law delineated in 42 U.S.C. § 1983, 28 U.S.C. § 1367, for battery, assault, unreasonable search and seizure, excessive force, false arrest, illegal seizure, gross negligence, reckless, willful and wonton conduct, and deliberate indifference.  Time has passed upon which the Tort Claim was to be acted upon.

4.      As of the date of the filing of the within Complaint, the United States Forest Service (through the Department of Agriculture), has failed to timely act upon the Notice of Tort Claim, thereby it being deemed rejected

### III.
### PARTIES

5.      Plaintiff, RAYMOND THURMAN, (hereinafter referred to as "Plaintiff") is a citizen of the State of Idaho, currently residing in Featherville, Elmore County, State of Idaho.

6.      Defendant, UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE, (hereinafter referred to as "FOREST SERVICE") is a governmental entity with oversight of federal lands in the State of Idaho, and in particular, Elmore County, Idaho. Oversight of the Department of Agriculture is responsibility of the Secreatary of Agriculture,

SONNY PERDUE.  The Department of Agriculture, Forest Service oversight is provided its Chief, Chief VICKI CHRISTIANSEN.

7.      Defendant, UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE is an agency operating under the auspices and supervision of the United States Department of Agriculture.

8.      Defendant Officer TRAVIS BOOK , (hereinafter referred to as "Defendant Officer Book ") and at all times relevant hereto, is an employee of the United States Department of Agriculture, United States Forest Service, is being sued in an individual and official capacity.

9.      Defendants Does I-XX are other federal actors and/or private individuals and/or entities who directly or indirectly participated or allowed the victimization of Plaintiff to commence or continue. Plaintiff hereby reserve the right to amend this Complaint until further discovery is conducted and Plaintiff have a reasonable opportunity to learn their identity. If it is determined that Does I-XX conspired or participated in the underlying conduct Plaintiff will seek to amend this Complaint under Rule 15 of the Federal Rules of Civil Procedure.

10.     Defendants Does XXI-XL are other actors and/or private individuals are employee(s) of the United States Department of Agriculture, United States Forest Service and/or entities who directly or indirectly participated or allowed the victimization of Plaintiff to commence or continue through an direct failure to screen in hiring, train, supervise, investigate and discipline Defendant Officer Book. Plaintiff hereby reserve the right to amend this Complaint until further discovery is conducted and Plaintiff have a reasonable opportunity to learn their identity. If it is determined that Does XXI-XLI, or conspired or participated in the underlying conduct Plaintiff will seek to amend this Complaint under Rule 15 of the Federal Rules of Civil Procedure.

IV.
## GENERAL ALLEGATIONS

11.     On or about April 29, 2017, Plaintiff, Raymond Thurman, was operating his vehicle on a public road with access to his private and permanent residence at 4942 Baumgartner, Featherville, in Elmore County, Idaho.

12.     At that time, Plaintiff was stopped by Defendant Officer Book, in a process of investigation of the Plaintiff's presence on the public road.  Upon completion of the investigation, Plaintiff traveled home to the referenced address.

13.     Upon arriving at his home, and after exiting his vehicle on his property while on his private property, he was accosted by Defendant Officer Book who had entered upon to Plaintiff's property.  Defendant Officer Book grabbed Plaintiff from behind, threw Plaintiff to the ground face/chest first, placed his knee in the back of the Plaintiff and wrenched Plaintiff's arms back in an effort to hand cuff Plaintiff.  Defendant Officer Book proceeded to hand cuff Plaintiff.  During this time, Plaintiff continuously tried to inquire what Defendant Officer Book was doing to him and why.

14.     On April 29, 2017, Plaintiff was issued a citation for operating motor vehicle in violation of MVUM.  That citation, however, was dismissed on July 27, 2017.

15.     At the time of this incident described above, Plaintiff was 81 years old

16.     All these acts of Defendant Officer Book were undertaken without probable cause or reasonable and articulable suspicion.

17.     As a direct result of this wrongful use of force and arrest, Plaintiff suffered the severe injury to his face, mouth, chest, ribs, wrists, arms, shoulders, hip and knees, and severe emotional distress.

## VI.
## DAMAGES AND STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION
### BATTERY

18.     Plaintiff incorporates and realleges each and every allegation in the preceding paragraphs as if set forth fully herein and specifically paragraphs 1 though 17.

19.     Defendant Officer Book intended to cause and did cause a harmful contact with defendant's person.

20.     Plaintiff did not consent to defendant's act.

21.     As a direct and proximate result of defendant's conduct plaintiff suffered severe facial and head lacerations, severe injury to his shoulder, one of which had recently been operated upon, injuries to his knee and significant bruising and injury to his wrists, and torso. Plaintiff has also suffered extreme mental anguish and physical pain. These injuries have caused plaintiff to suffer general damages in an amount to be determined by proof at trial.

22.     As a direct and proximate result of defendant's conduct, plaintiff was required to obtain medical services and treatment in an amount to be determined by proof at trial, and will, in the future, be compelled to incur additional obligations for medical treatment in an amount to be determined by proof at trial.

23.     Defendant's act was done knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive damages against this Defendant Officer Book in an amount to be determined by proof at trial.

## SECOND CAUSE OF ACTION
## ASSAULT

24.     Plaintiff incorporates and realleges each and every allegation in the preceding paragraphs as if set forth fully herein and specifically paragraphs 1 though 23.

25.     Defendant    intended    to    cause    and    did    cause    plaintiff    to suffer apprehension of an immediate harmful contact.

## THIRD CAUSE OF ACTION
## UNREASONABLE SEARCH AND SEIZURE OF PLAINTIFF IN VIOLATION OF THE FOURT AND FORTEENTH AMENDMENTS AND 42 U.S.C § 1983

26.     Plaintiff incorporates and realleges each and every allegation in the preceding paragraphs as if set forth fully herein and specifically paragraphs 1 through 25.

27.     Under the Fourth Amendment via the Due Process Clause of the Fourteenth Amendment, a person has a right to be free from unreasonable search and seizure of a person.

28.     Defendant Officer Book violated Plaintiff's Fourth Amendment Rights applicable to states and their officers as incorporated via the Due Process Clause of the Fourteenth Amendment (violating 42 U.S.C. § 1983) by violating Plaintiff's right to be free from unreasonable searches and seizures by law enforcement personnel.

29.     Defendant Officer Book's actions were objectively unreasonable in the light of the totality of the facts and circumstances at the time of the stop. Plaintiff was not committing a criminal act in the presence of the arresting/responding officers. The Defendant Officers lacked both probable cause and authority to arrest Plaintiff pursuant to Idaho Code § 19-603 and both Idaho and federal Law.

30.     As a direct and proximate result of these violations, Plaintiff suffered both pecuniary and non-pecuniary damages, humiliation, degradation and physical injury.

## FOURTH CAUSE OF ACTION
### EXCESSIVE FORCE (42 U.S.C. § 1983)
### IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT

31.    Plaintiff incorporates and realleges each and every allegation in the preceding paragraphs as if set forth fully herein and specifically paragraphs 1 through 30.

32.    Plaintiff has a right to be free from unreasonable searches and seizures by law enforcement personnel, include the right to be free from the use of excessive force.

33.    Defendant Officer Book violated Plaintiff's Fourth Amendment Rights applicable to states and their officers, as incorporated via the Due Process Clause of the Fourteenth Amendment (violating 42 U.S.C. § 1983), by violating Plaintiff's right to be free from unreasonable searches and seizures by law enforcement personnel, including the prohibition of the use of excessive force.

34.    Defendant used excessive force by throwing Plaintiff to the ground, placing his knee in Plaintiff's back, wrenching his arms back to attempt to handcuff Plaintiff and in handcuffing Plaintiff without probable cause. This use of excessive force was objectively unreasonable in light of the totality of the facts and circumstances known to the officers at the time of the stop.

35.    Plaintiff cooperated with the Defendant Officer Book. He did not attempt to evade arrest or resist.

36.    Defendants' actions were intentional and unreasonable.

37.    As a direct and proximate cause of these constitutional violations, Plaintiff suffered pecuniary and non-pecuniary damages.

**FIFTH CAUSE OF ACTION**
**ILLEGAL SEIZURE IN VIOLATION OF**
**ARTICLE I, § 17 OF THE IDAHO CONSTITUTION**

38.     Plaintiff incorporates and realleges each and every allegation in the preceding paragraphs as if set forth fully herein and specifically paragraphs 1 through 37.

39.     Article I, § 17 of the Idaho Constitution protects the right of the people to be free from unreasonable searches and seizures.

40.     Defendant Officer Book violated Plaintiff's rights under the Idaho Constitution by detaining him in front yard of his own residence, then throwing him to the ground, handcuffing him, and leaning him up against the Forest Service vehicle.

41.     Defendant Officer Book Plaintiff's rights under the Idaho Constitution by arresting, then cite releasing him, when he had the right to traverse that road to his primary and permanent residence.

42.     As a direct and proximate cause of these constitutional violations, Plaintiff suffered pecuniary and non-pecuniary damages.

**SIXTH CAUSE OF ACTION**
**FALSE ARREST AND IMPRISONMENT**

41.     Plaintiff incorporates and realleges each and every allegation in the preceding paragraphs as if set forth fully herein and specifically paragraphs 1 through 42.

42.     Defendant Officer Book acted intentionally and unlawfully in arresting Plaintiff. That arrest was against the will and without the consent of Plaintiff.

43.     After the arrest, Plaintiff was handcuffed, while bleeding, placed over the hood of the U.S.F.S vehicle and held without cause.

44.    As a direct and proximate cause of this false arrest and imprisonment, Plaintiff suffered pecuniary and non-pecuniary damages.

<b>SEVENTH CAUSE OF ACTION</b>
<b>MONELL LIABILITY; VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS BY CUSTOM OR PRACTICE, BY FAILURE TO TRAIN, SUPERVISE, DISCIPLINE AND SCREEN, BY ACTION OF FINAL POLICYMAKER, AND BY CONTINUED EMPLOYMENT</b>

45.    Plaintiff incorporates and realleges each and every allegation in the preceding paragraphs as if set forth fully herein and specifically paragraphs 1 through 45.

44.    At all times relevant to this case, all defendants were acting under color of state law.

45.    As alleged above, Defendant Officer Book, assaulted, battered, falsely arrested, and used unreasonable excessive force in attempting to affect an arrest, thereby he deprived Plaintiff of his rights and privileges protected by the Fourth Amendment of the United States Constitution as incorporated against the state and their officers through the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

46.    At all times relevant to this case, Defendant Officer Book was subordinate of DOES XXI to XL

47.    At all times relevant hereto DOES XXI through XL, and the United States Forest Service (Department of Agriculture) were responsible for the screening, hiring, training, supervising and disciplining/firing of the employees of the Defendant United States Forest Service.

48.    At all times relevant hereto DOES XXI through XL had final policymaking authority from the Department of Agriculture, United States Forest Service concerning the manner in which investigations are conducted, the manner in which probable cause is to be

established, the degree to which officers are permitted to use force, and the determination as to when employees will be disciplined or terminated.

## VII.
## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

1.      Compensatory damages in an amount to be determined by the Trier of fact;

2.      Compensatory damages for the humiliation and emotional distress of Plaintiff being arrested, being thrown to the ground, having excessive force under color of authority used upon him, being severely physically injured and emotionally traumatized, in an amount to be determined by the Trier of fact;

3.      For all damages for the significant and stated violations of the Plaintiff's constitutional rights, in an amount to be determined by the Trier of fact.

4.      Declaratory relief, requiring defendants to update policies and procedures, reflecting the duty of the United States Forest Service to abide by the Fourth Amendment in its encounters with the public, including freeing a person from incarceration immediately upon determination the arrest was illegal or lacked probable cause, and reflecting the affirmative duty of the county to maintain accurate records for police dispatch related to court updates on NCOs;

5.      Reasonable attorneys' fees and costs, as provided by 42 U.S.C. § 1988, Idaho Rule of Civil Procedure 54(d), Idaho Code §§ 12-120, 12-121, and any other applicable statutes and rules;

6.      Punitive damages, in an amount to be determined by the Trier of fact, and in an amount high enough to encourage defendants to abide by the Fourth Amendment; and

7.      Any other relief the court deems appropriate.

## JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues alleged and so prayed for above.

RESPECTFULLY SUBMITTED this 11th day of December, 2018.

SUSAN LYNN MIMURA & ASSOCIATES, PLLC

By: Terry K. Martin (ISB No. #3475)
Attorneys for Plaintiff.