IN THE UNITED STATES COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAYMOND THURMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE, through the United States Department of Agriculture, a federal agency organized under the law of the United States of America, SONNY PERDUE, Secretary of the Agriculture; VICKI CHRISTIANSEN, Chief of the Department of Agriculture's Forest Service, OFFICER TRAVIS BOOK, in both his official capacity as employee of the United States Department of Frestry, through the United States Department of Agriculture, and Individually; JOHN & JANE DOES I-XL, in their individual and official capacities,<br><br>Defendants. | MEMORANDUM DECISION & ORDER GRANTING PLAINTIFF'S MOTION TO AMEND<br><br><br><br>Case No. 1:18-CV-00549 DVB |

This matter is before the Court on Defendants' Motion to Dismiss Complaint (Dkt. 18) and Plaintiff's Motion to Amend Complaint as a Response to Defendants' Motion to Dismiss (Dkt. 22).

1

The Defendants oppose Plaintiff's motion for leave to amend and argue it should be denied because: (1) Plaintiff has previously amended his complaint; (2) Plaintiff did not explain his "failure to fully develop his contentions in his first two complaints;" and (3) Plaintiff did not address any of the factors relevant to the court's decision of whether or not to grant leave to amend. (Dkt. 23, Defs' Opp'n at 3.)

The matter is fully briefed, and the Court has determined that oral argument would not significantly assist the decisional process. Accordingly, the Court will consider the motions without a hearing.

**DISCUSSION**

Under Rule 15, "a party may amend its pleadings only with . . . the court's leave." Fed.R.Civ.P 15(a)(2). The policy set forth in Rule 15, that leave to amend should be given "when justice so requires," *id.*, should be applied "with extreme liberality." *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009) (citations omitted). The court evaluates whether to permit amendment by determining the presence of any of the following factors: bad faith, undue delay, prejudice to the opposing party, and futility. *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (citations omitted). The decision to grant or deny leave to amend is committed to the discretion of the court, but "there is a strong policy of liberally allowing amendments pursuant to Rule 15(a)." *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995).

The Court finds that the Defendants' arguments do not clearly indicate which of the aforementioned factors are present in this case, so as to defeat Plaintiff's amendment. Rather, Defendants expressly argue that the motion to amend should be denied because (1) Plaintiff

previously amended his complaint, (2) Plaintiff cites no new facts, only a new legal theory, and (3) Plaintiff failed to provide a valid explanation why he did not fully develop his contentions in the prior complaints. (Dkt. 23 at 2-3.)

The Court acknowledges and agrees with Defendants that there are cases identifying these specific grounds as a basis, under certain circumstances, for denying a motion to amend. *See Allen v. City of Beverly Hills*, 911 F.2d 367 (9th Cir. 1990). Additionally, the Court recognizes and understands Defendants' legitimate frustration over the manner in which this case has proceeded thus far. Nonetheless, having reviewed the record and pleadings in this case, the Court concludes that Plaintiff's motion to amend does not demonstrate bad faith, undue delay, prejudice to the opposing party, or futility, and there is a sufficient and justifiable basis for granting Plaintiff's motion and allowing Plaintiff to file the Second Amended Complaint.

The Court finds it significant that, although Plaintiff was represented by counsel when he filed the original and amended complaints, Plaintiff received new counsel shortly after the Defendants filed the motion to dismiss the amended complaint that is now before the Court. (Dkt. No. 19.) It was Plaintiff's new counsel that filed the present motion to amend and a [Proposed] Second Amended Complaint. (Dkt. No. 22.)

The original Complaint and Amended Complaint (drafted by former counsel) are remarkably similar in terms of the numerous named and unnamed defendants as well as multiple and identical causes of action. However, the [Proposed] Second Amended Complaint, drafted by new counsel, is noticeably different. Regarding the prior complaints, the original 12-page Complaint was amended and replaced with an even longer, 14-page Amended Complaint. The

[Proposed] Second Amended Complaint, however, has been reduced to seven pages – one-half the size of the prior complaint. (*Compare* Dkt. Nos. 1, 17 and 22-1.) And, although the [Proposed] Second Amended Complaint does add a new legal theory, it also omits several previously named and unnamed defendants and legal theories.

Plaintiff's motion explains:

> The U.S. attorney [in the motion to dismiss] has raised several objections to the complaint as plead, including naming improper parties and raising claims with no application to federal employees. Upon further review of the government's position, Plaintiff would like the opportunity to cure those objections so that the court may move on to the merits of the underlying case.

(Dkt. No. 22, Pl's Mot. To Amend at 2.) According to Plaintiff, the "main change" in the [Proposed] Second Amended Complaint is that the sole remaining defendant "is Travis Book in his individual capacity, rather than any agencies or agency heads. This change makes many of the government's objections moot. Claims that potentially would involve state actors rather than federal ones, have also been left out of the amended complaint." (*Id.*)

Given the foregoing, the Court finds there are insufficient grounds to outweigh the "strong public policy permitting amendment." *See Outdoor Systems, Inc. v. City of Mesa,* 997 F.2d 604, 614 (9th Cir. 1993).

IT IS HEREBY ORDERED THAT: Plaintiff's Motion for Leave to Amend (Dkt. 22) is GRANTED. Having so ordered, Defendants' motion to dismiss (Dkt. 18) is MOOT.

DATED this 30th day of August, 2019.

Dee Benson
United States District Judge